FREDERICK W. LANG, Respondent, *v.* THE EAGLE FIRE COMPANY, Appellant.

12   39
20ap277

Vol. 12.
App. Div.
12   39
45  282

*Insurance — appraisal not applicable to property totally destroyed — proofs of loss waived by a denial of all liability — certificate of the notary nearest the fire — a pledgor of the policy of insurance may sue upon it — evidence of agency.*

A provision in a policy of insurance requiring appraisers to estimate and appraise the loss, stating separately "sound value and damage," is not applicable to insured property which has passed out of existence because of its total destruction.

Where appraisers certify that they could make no estimate of certain property because of its total destruction, and the insurance company has not demanded a new appraisal, it cannot insist that the insured must be limited in his recovery to the property which was only partially destroyed.

*Quære,* whether a provision as to appraisal is a condition precedent to the bringing of an action, or only an individual covenant collateral to the agreement to pay.

Where an insurance company, upon the receipt of proofs of loss furnished by the insured, serves upon him a notice rejecting them, in which it expressly declares that it is not liable to the insured, or to any other person, in any sum whatever on account of the fire, such notice constitutes a distinct denial of liability and amounts to a waiver of that condition in the policy of insurance which requires proofs of loss to be furnished within a given time, and its effect is not limited nor modified by the addition to the notice of a clause in which the insurer carefully disclaims any intention to " waive any surrender, cancellation, provision or condition" on the part of the insured.

The provision in an insurance policy requiring the insured to furnish a certificate of the magistrate or notary public living nearest the place of the fire, stating the amount of the loss sustained, relates to the procedure after the loss has occurred, and is to be liberally and reasonably construed, and where the magistrate or notary living nearest the place of the fire declines to act, it is sufficient if the insured furnishes to the insurer a certificate of the nearest notary who consents to act.

The fact that the insured has assigned all moneys due and to become due upon the policy to a creditor, as collateral security, will not debar the insured from maintaining an action upon the policy, as he still retains sufficient interest therein to entitle him to sue upon it.

The fact that a person conducted the preliminary negotiations leading up to the issuing of the policy, received the premium upon it, and accounted to the insurer for the same, is competent evidence of agency.

APPEAL by the defendant, The Eagle Fire Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 22d day of April, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Monroe, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 22d day of April, 1896, denying the defendant's motion for a new trial made upon the minutes.

*P. M. French*, for the appellant.

*Charles Roe*, for the respondent.

ADAMS, J. :

The policy of insurance upon which this action is brought, and which was issued by the defendant to the plaintiff, purports to insure the latter in the sum of " $200 on his bar-room furniture and fixtures, bar furniture and fixture apparatus, signs and awnings in and on building," and also, " $800 on his stock of ales, wines,

liquors, tobacco and cigars, all while contained in basement and first floor of the brick building, situate No. 214 on the north side of Andrews street, Rochester, N. Y."

The policy was dated August 12, 1892, the risk extending for a period of one year from that time, and upon the twenty-ninth day of the same month a fire occurred, in consequence of which the property first above mentioned was more or less damaged, and the stock of liquors contained in the basement was entirely destroyed.

The defendant in its answer admits the issuing of the policy in suit, the occurrence of the fire, and the destruction of or damage to the property insured, but denies any liability to the plaintiff, arising out of its contract of insurance, by reason of the alleged breach by the plaintiff of certain conditions which are contained in and made a part of the policy of insurance.

The record before us discloses that, upon the trial, numerous objections to the plaintiff's right to recover were urged, none of which appears to have made a favorable impression upon either the court or jury, and a verdict having been rendered in favor of the plaintiff upon which a judgment was subsequently entered, the defendant now insists that error was committed in the court below which entitles it to a reversal of such judgment, and likewise, of the order denying its motion for a new trial. The grounds relied upon, so far as they are disclosed by the counsel's brief and argument, are four in number, and they will be considered in the order in which they were presented to this court.

The defendant's first and apparently its main reliance is based upon the contention that the plaintiff failed to comply with the requirements of the policy; that his loss and damage should be determined by appraisal in the manner therein provided. In order to ascertain what merit there is in this contention, it will be necessary to refer with some particularity to the facts of the case, concerning which, it may be said, there is little or no controversy.

The policy in suit appears to conform to the standard which has been established for insurance companies doing business in this State, and it contains, among other provisions, one which requires the insured to furnish, within sixty days after a fire shall have occurred, proofs of his loss, and also a further provision deferring the payment of such loss until " sixty days after due notice, ascertainment,

estimate and satisfactory proofs of the loss have been received by this company in accordance with the terms of this policy."

Upon the twenty-third day of September, and within less than thirty days after the fire, the plaintiff did furnish to the defendant what purported to be his proofs of loss. They were, however, returned to him by the defendant upon the twenty-eighth day of the same month, with notice that the latter rejected the same for certain reasons, which were expressly stated in writing; and in such notice the defendant also requested and required the plaintiff to "furnish to it a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to said insured) living nearest the place of the fire and stating that he has examined the circumstances and believes that said Frederick W. Lang has honestly sustained loss to the amount that said magistrate or notary public has certified." Such rejection also contained a notification that the defendant disagreed with the plaintiff as to the amount of loss which he claimed to have sustained, and requested that such loss be ascertained by two competent and disinterested appraisers. Thereafter, and upon the 6th day of October, 1892, the plaintiff furnished additional proofs of loss, and upon the seventeenth of the same month the parties entered into a written agreement to appraise the loss which the plaintiff claimed to have sustained, which agreement was, in substance and form, as required by the condition of the policy providing for an appraisal.

The day following the execution of this agreement the second proofs of loss were returned by the defendant, with notice of its rejection of the same, the reasons stated for such rejection being substantially the same as before, and upon the twenty-fifth day of October following, the appraisers agreed upon and made their award in writing, in due form, by which they found that the plaintiff's loss by damage to the property covered by the first item of the policy was $124.75. Annexed to such award was a statement by the appraisers to the effect that the same did not include certain furniture and fixtures upon which the plaintiff made no claim, nor did it include any of the property covered by the second item in the policy, because of the fact that such property was destroyed, in consequence of which they deemed it impossible to make any appraisal.

Thereafter the plaintiff made repeated efforts to obtain a settlement with the defendant, which were unsuccessful, and he subsequently brought this action.

Upon the facts thus narrated, it is now urged by the defendant's counsel that the method of determining the loss which is provided by the policy is exclusive, and that an appraisal having been had, the plaintiff's recovery must be limited to the amount thereby ascertained and determined.

It is of the first importance, therefore, as it seems to us, to determine what portion of the insured property is affected by the appraisal clause in the policy. By referring to this provision it will be seen that the appraisers to be selected are required to estimate and appraise the loss, stating separately " sound value and damage." And it has been held, very properly, as we think, that this requirement can have no possible relation to property insured which has passed out of existence by reason of its total destruction. (*Rosenwald* v. *The Phœnix Ins. Co.*, 50 Hun, 172.) The appraisers selected by the parties seem to have acted upon this principle, and have only attempted to estimate the loss which the plaintiff sustained in consequence of damage to his property which was not totally destroyed, and have certified that they could make no estimate of the property specified in the second item because of its destruction. As already intimated, we think the appraisers adopted the proper rule and method for determining the matter submitted to them, but whether this be so or not their failure to estimate the property which was totally destroyed was, in no sense, the fault of the plaintiff, and, inasmuch as the defendant has not asked for a new appraisal, we fail to see upon what principle it can now be heard to insist that the plaintiff must be limited in his recovery to the damage he has sustained to the property which was only partially destroyed ; except in so far as the claim in suit relates to that property, and it appears that the amount adjusted by the appraisers is all he was permitted to recover upon the property mentioned in the first item in his policy.

This, however, is, in our opinion, by no means the only untenable feature of the defendant's position, for it is at least a debatable question whether the defendant, under the phraseology of its policy and the peculiar facts of the case, can insist that the adjustment con-

templated by the arbitration clause under consideration shall be treated as a condition precedent to the bringing of an action, or as anything more than an individual covenant collateral to the agreement to pay. (*Mark* v. *The Natl. F. Ins. Co. of N. Y.*, 24 Hun, 565.) But, without passing upon that feature of the case, we proceed to the consideration of another and what we regard as a fatal weakness in the defendant's contention.

It will be remembered that upon receipt of the first proofs of loss the defendant undertook not only to inform the plaintiff that it rejected such proofs, but to furnish its reasons for such rejection, and in such notification this very explicit language is used, viz.: "This company hereby expressly avers and claims that it is not liable to you for any cause whatever in any sum, and that it is not liable to any person, in any sum whatever, for or on account of any loss or damage sustained by the fire referred to;" and the notice of its rejection of the second proofs of loss contained the same language. It is true that in each of the notices of rejection the defendant undertakes to specifically state its reasons for returning such proofs; and in the first notice, in addition to the reasons stated, it expresses its dissatisfaction with the amount of loss which the plaintiff claims to have sustained, and seeks to avail itself of the arbitration clause in its policy; but even this dissent is absent from the notice last served, so that we have the defendant simply asserting in the most positive and unequivocal language that it is not liable to the plaintiff, nor to any other person, in any sum whatever, for or on account of any loss or damage sustained by reason of the fire hereinbefore referred to. We are led to inquire, therefore, what construction should be given to such an avowal as this? It seems to be well settled that a distinct denial of liability and refusal to pay on the ground that there is no contract, or that there is no liability, is tantamount to a waiver of a condition in a policy of insurance which requires proofs of loss to be furnished within a given time. (*Tayloe* v. *Merchants' Fire Ins. Co.*, 9 How. [U. S.] 390; *Knickerbocker Life Ins. Co.* v. *Pendleton*, 112 U. S. 696, 709; *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108.)

The defendant seeks to escape the application of such a principle in this case by insisting that, inasmuch as both of the notices served upon the plaintiff contained an express denial of any intent to waive

anything, it necessarily follows that no right or defense has been waived. It is true that the concluding paragraphs of these notices do contain a carefully expressed disclaimer of any intention on the part of the company to " waive any surrender, cancellation or provision or condition, in any contract of insurance, which said Frederick W. Lang claims has heretofore been made," but coupled with, and immediately following, such disclaimer, is the further declaration that the defendant will, nevertheless, " maintain that it is not liable to said Frederick W. Lang, or to any other person, in any sum whatever, on account of said fire ; " which, if we correctly apprehend the situation, is equivalent to saying that while the defendant claims to owe the plaintiff nothing whatever, it nevertheless insists upon his proving a claim the existence of which is absolutely denied, before he can be permitted to resort to a legal remedy for the enforcement of such claim.

The sole object of the arbitration clause in a policy of insurance is to enable the parties to adjust the loss and ascertain the damages which the insured is entitled to recover, but to make it available to the insurer, there must be something to arbitrate, which certainly would not be the case where all liability under the policy is denied. In other words, the insurer must admit its liability to pay something before it can insist upon the insured going through with what would be otherwise an idle and useless ceremony. (Wood on Fire Ins. 748 ; *Mentz* v. *Armenia F. Ins. Co.*, 79 Penn. St. 478 ; *Robinson* v. *Georges Ins. Co.*, 17 Maine, 131.)

If we are correct in our statement of the effect which ought to be given to the defendant's denial of liability, then it necessarily follows, we think, that the defendant cannot limit or modify such effect by the addition of the clause to which attention has just been directed, and it must, therefore, be held that the plaintiff was under no obligation to have his loss appraised before bringing suit upon his contract.

The defendant further insists that the plaintiff should fail in his action because of his omission to furnish a certificate of the magistrate or notary public living nearest the place of the fire, stating the amount of the loss sustained. It seems that the policy in suit does, in terms, require such a certificate to be furnished when requested by the insurer, and that the request was made in this case. Thereafter, a certificate was furnished to the defendant, which is appar-

ently satisfactory in all respects save that it was not made out by the magistrate or notary living nearest the place of the fire.   It is conceded that there was such an officer living nearer the place of the fire than the one making the certificate, but as he declined to act, the plaintiff procured a certificate of the nearest notary who was willing to act.   It is to be noticed that the provision which requires this certificate is one which relates merely to the procedure after the loss has occurred, and the courts of this State are inclined to be liberal and reasonable in their construction of the stipulations of a contract of insurance which prescribe the formal acts upon the part of the insured necessary to the recovery of his loss.   (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389–398, and cases there cited.)

In this case we think that the plaintiff has done all that could be required of him ; he certainly could not compel any magistrate or notary to furnish the certificate called for by the defendant, and if upon his application to the one living nearest the fire he was met with a refusal to comply with his request, there was nothing left for him to do but to apply to the one living next nearest.   The defendant's contention in this regard is extremely technical, and, in the absence of any objection to the person making the certificate, or to the certificate itself, is not entitled to serious consideration.

The third point urged upon the attention of the court is that the plaintiff is not the real party in interest, and, therefore, not entitled to maintain this action.   The evidence in the case discloses the fact that upon the day following the fire the plaintiff assigned to his mother all moneys due and owing him, or to become due and owing him, upon the policy in suit.   But it further appears that such assignment was not an absolute one, but was intended merely as collateral to an indebtedness which the plaintiff owed his mother. And this, of itself, would be a sufficient answer to the defendant's contention, for, if the plaintiff's right of action against the defendant was pledged as collateral security merely, he undoubtedly retained sufficient interest therein to entitle him to maintain this action. (*Simson* v. *Satterlee*, 64 N. Y. 657 ; *Griffey* v. *N. Y. Central Ins. Co.*, 100 id. 417.)   But, if this were not so, we do not see how this defense is available to the defendant, inasmuch as it is not set up in its answer.   It is true that in a supplemental answer the defendant avers that the plaintiff's claim has passed into the hands of a receiver,

but no claim appears to have been made that he had deprived him-self of the right to maintain this action because of any transfer to his mother, until that fact appeared upon the trial, in connection with which it also appeared that a few days prior to the trial there was a retransfer of the claim to the plaintiff.

The only subject for further inquiry is that which is furnished by the defendant's exceptions to certain questions which were asked of the witness Max L. Gutmann. The evidence objected to related to a conversation between the plaintiff and the witness, and was allowed upon the theory that the witness was the agent or representative of the defendant. It is conceded that this evidence was competent, provided the witness was, in fact, such agent, and as it appears with-out contradiction that all the preliminary negotiations which led up to the issuing of the policy in suit were had with the witness, and that he received from the plaintiff the premium thereon and accounted to the defendant for the same, it would seem as though his relation to the defendant had been sufficiently recognized to relieve this question of all doubt.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.