JOSEPH J. LEE, Plaintiff, *v.* HAMILTON FIRE INSURANCE COMPANY and Another, Defendants.

Supreme Court, New York County, July 7, 1927.

Insurance — fire insurance — action to recover on policy on motor truck — policy stipulated value of truck — policy is valued policy — evidence shows total loss — recovery of amount stipulated in policy allowed though appraisers fixed loss at less amount.

A policy of fire insurance on a motor truck, which policy stipulates that " the said automobile hereby insured (body, machinery and equipment) is valued at the sum insured " is a valued policy, and in case of a total loss the insured is entitled to recover the stipulated value.

Notwithstanding the contention of the defendant that there is only a partial loss, the evidence tends to show that the motor truck was burned in a fire which destroyed the building in which it was stored, and that the truck itself was so burned that the steel frame and other metal parts were bent, twisted and rendered worthless. The evidence clearly supports the plaintiff's contention that the truck was a total loss, and he is entitled to recover the value stipulated.

Full recovery may be had by the plaintiff, notwithstanding the appraisers, acting under the policy, fixed the loss at less than one-half the stipulated value of the motor truck. If the loss was a partial one the award of the appraisers would be binding upon the plaintiff, but in the case of a total loss the agreement to arbitrate and the award following do not preclude the plaintiff from seeking to recover the total amount claimed to be due.

ACTION for loss under automobile fire insurance policy.

*Hardin & Hess* [*Ernest Angel* of counsel], for the plaintiff.

*Richards & Affeld* [*Frank Sowers* of counsel], for the defendant Hamilton Fire Insurance Company.

*Chadbourne, Stanchfield & Levy* [*Harold A. Callan* of counsel], for the defendant the Mack-International Truck Corporation.

GIBBS, J.   This action was instituted to recover the sum of $5,720 for loss under a policy of fire insurance issued by the defendant Hamilton Fire Insurance Company to the plaintiff " and/or " the defendant the Mack-International Truck Corporation " as interest may appear."   The defendant the Mack-International Truck Corporation is a mortgagee of plaintiff, being the holder of the mortgage on a motor truck, the subject of the insurance, upon which it is conceded there is due the sum of $1,473.61.   The policy of insurance provided that " the said automobile hereby insured (body, machinery and equipment) is valued at the sum insured."   The sum referred to is $5,720.   The defendant insurance company denies that plaintiff has sustained a total loss and contends that pursuant to the terms of the policy the matter was submitted to disinterested appraisers for arbitration and appraisal and that an award fixing the loss at $2,700 has been made and that this award is binding upon the plaintiff.   Upon the trial the parties stipulated to waive a jury and that the verdict of the court should be binding and have the same effect as the verdict of a jury.

Two important questions are present for determination: *First*, is the policy sued upon a valued policy; and *second*, is the loss a total or only a partial loss?

The leading authorities on the law of insurance agree that " a valued policy is one in which a definite valuation is, by the agreement of both parties, put upon the subject matter of the insurance and written in the face of the policy.   Such valuation, in the absence of fraud or mistake, is conclusive on the parties."   (1 Cooley Br. Ins. 517; Richards Ins. Law [3d ed.], 21; 1 Joyce Ins. [2d ed.] 416.)

Defendant insurance company agreed by issuing the policy that the subject of insurance was of the value of $5,720.   In other words, the insurance company fixed that amount as liquidated damages in the event of total loss.   In *Columbia Trust Company* v. *Norske Lloyd Insurance Co., Ltd.* (100 Misc. 550; affd., 183 App. Div. 896; 186 id. 897; affd., 229 N. Y. 556) the court in discussing the effect of a provision similar to that in the case at bar said that " a policy of insurance is not a perfect contract of indemnity.   It must be taken with this qualification, that the parties may agree beforehand in estimating the value of the subject assured, by way of liquidated damages, as indeed they may in any other contract to indemnify."

In *Harris* v. *Eagle Fire Company* (5 Johns. 368) it was said: " but where there is an actual total loss of any article, distinctly valued in the policy, that valuation, I apprehend, must govern in all cases.   The valuation in a policy, is in the nature of liqui-

dated damages, to save the necessity of proving them. In case of a total loss of the subject, by allowing the value to be inserted in the policy, the underwriter agrees that it shall be taken as there stated." (To the same effect, *New York & Cuba Mail S. S. Co.* v. *Royal Exchange Assurance*, 154 Fed. 315.)

I am of the opinion that no construction can be placed on the policy involved in this suit other than that it was a valued policy. This being so, was the loss total and what effect did the arbitration and appraisal have? Evidence was offered by plaintiff to show that the truck was destroyed to the extent that it was practically a total loss. Defendant insurance company to offset this evidence produced several witnesses who testified that while the property was substantially damaged it was not a total destruction.

I have concluded from the testimony of all the witnesses called that the loss was one which was beyond repair. The fire entirely destroyed the building in which the truck was stored and the truck itself was so burned that the steel frame and other metal parts were bent, twisted and rendered worthless. In view of the substantial believable evidence, the court is warranted in finding as a matter of fact that the loss was a total one.

The defendant urges that even if the loss be total, the plaintiff is barred from recovering any sum other than the amount of the award fixed by the appraisers. Were the loss a partial one, the award of the appraisers would be binding upon the plaintiff, assuming that the appraisers were selected as provided for in the policy. Inasmuch as the loss was a total loss, the agreement to arbitrate and the award following does not preclude plaintiff from seeking to recover the total amount claimed to be due. (*Rosenwald* v. *Phœnix Insurance Co.*, 50 Hun, 172; *Lang* v. *Eagle Fire Co.*, 12 App. Div. 39; *Pennsylvania Fire Insurance Co.* v. *Drackett*, 63 Ohio St. 41; 57 N. E. 962.) These cases adhere to the rule that arbitration is not a condition precedent to the institution of an action to recover for a total loss, nor does an award by arbitrators bar recovery of the total amount of damage sustained. While the latter case is not a New York citation the facts are very much similar to those in the present case and the conclusions reached by the court therein seem to me sound and applicable. The learned justice writing for the court said: " But where the insured insists that the loss is total, the agreement to arbitrate, or an arbitration had fixing the amount, will not preclude him from bringing a suit as for a total loss. And, in such case, if he establishes that there was a total one, he is entitled to recover the full amount of the policy, notwithstanding the award of the arbitrators was to the contrary, and fixed a less amount as the measure of the loss. But on the other hand, should

he fail in establishing a total loss, the amount of his recovery will be limited to the amount of the award, where there was no fraud in obtaining it." Having determined that the loss was a total one, plaintiff is entitled to recover the full amount of insurance specified in the policy.

It has been stipulated that the defendant the Mack-International Truck Corporation have judgment for the amount concededly due. Verdict is directed in favor of plaintiff in the sum of $5,720, with interest thereon from September 1, 1921, out of which sum it is directed that the defendant the Mack-International Truck Corporation receive the sum of $1,473.61, with interest thereon from August 1, 1926.