JAMES LITTRELL and Another, Respondents, v. THE ALLEMANNIA FIRE INSURANCE COMPANY OF PITTSBURGH, PENN., and Others, Writing Insurance by Policy Entitled " The Pittsburgh Underwriters Policy," Appellants.

Third Department, January 17, 1928.

**Insurance — fire insurance — appraisal — policy stipulated that appraisers should appraise " loss and damage, stating separately sound value and loss or damage to each item "— provision in policy as well as Insurance Law, § 121, justify appraisal where property is entirely destroyed by fire.**

The fire insurance policy on which this action was based provides for an appraisal and stipulates that " The appraisers shall then appraise the loss and damage, stating separately sound value and loss or damage to each item." The contention by the plaintiffs that the appraisal provision does not apply since the property was entirely destroyed, cannot be sustained, for the proper construction of the words of the policy and section 121 of the Insurance Law leads to the conclusion that the words " loss " and " damage " were used to indicate a distinction in respect to property entirely destroyed or partially destroyed, and that in either case an appraisal might be compelled under the terms of the policy.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Schenectady on the 11th day of August, 1927, and also from an order entered in said clerk's office on the 8th day of August, 1927.

*Ainsworth, Sullivan & Archibald [Charles B. Sullivan of counsel],* for the appellants.

*McMullen & Ward [John J. McMullen of counsel],* for the respondents.

COCHRANE, P. J. This is an action to recover for total loss by fire of a dwelling and household furniture therein contained. The property was covered by a policy of fire insurance issued by the defendants. The policy in standard form contained the usual appraisal provisions as follows: " In case the insured and this Company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the State in which the property insured is located. The *appraisers shall then appraise the loss and damage, stating separately*

*sound value and loss or damage to each item;* and failing to agree, shall submit their differences only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of sound value and loss or damage." The defendants in writing demanded the selection of appraisers. The respondents refused on the ground that the appraisal provisions of the policy only applied to a partial destruction but not to a total destruction of the property. The respondents rely on the cases of *Rosenwald* v. *Phœnix Ins. Co.* (50 Hun, 172) and *Lang* v. *Eagle Fire Co.* (12 App. Div. 39). Perhaps those cases differed somewhat from the present case both in respect to the facts and the language of the policies. But if it be said that they lay down a general rule that no appraisal may be had where there is a total loss then we are not in accord with that doctrine. Courts in other jurisdictions have criticised or refused to follow those cases. (*Stout* v. *Phœnix Assurance Company of London,* 65 N. J. Eq. 566; *Williamson* v. *Liverpool & London & Globe Ins. Co.,* 122 Fed. 59; *Adams* v. *N. Y. Bowery Fire Insurance Company,* 85 Iowa, 6, 11.) The policy in the present case was issued October 19, 1925, pursuant to section 121 of the Insurance Law (added by Laws of 1917, chap. 440, as amd. by Laws of 1922, chap. 268, and Laws of 1923, chap. 438) providing for a standard form of policy. That statute specifically makes the appraisal provisions in the standard policy apply to " lost or damaged property " and requires the appraisers or appraiser and umpire to ascertain the " amount of said loss or damage " in respect to the property. We think the words " loss " and " damage " were designedly used to indicate a distinction in respect to property entirely destroyed or partially destroyed. The policy in this case carries out the intent of the statute and makes the same distinction between " loss " and " damage." The word " loss " implies that the property is no longer in existence, whereas the word " damage " implies that it still exists although in damaged form. We agree with what was said in *Williamson* v. *Liverpool & London & Globe Ins. Co.* (122 Fed. 59), where the court in discussing similar provisions in a policy said: " It will be noticed that the appraisers were to determine the sound value and the loss or damage; that is to say, if the property was entirely destroyed they were to determine the loss, and if it was partially destroyed the damage." No good reason exists why there should be a distinction in respect to property totally or partially destroyed. The appraisers can make the appropriate estimates in one case as well as in the other and we think such is the intent of the statute and the policy issued pursuant thereto.

It follows that the judgment and order should be reversed on the law and the complaint dismissed, with costs.

VAN KIRK, HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.