JAMES LITTRELL and Another, Appellants, *v.* THE ALLEMANIA FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and Others, Writing Insurance by Policy Entitled, "The Pittsburgh Underwriters Policy," Respondents.

Third Department, November 15, 1928.

*McMullen & Ward [John J. McMullen* of counsel], for the appellants.

*Ainsworth, Sullivan & Archibald [Charles B. Sullivan* of counsel], for the respondents.

HILL, J. Defendants had insured plaintiffs' house against loss by fire. It burned on May 8, 1926. Plaintiffs refused the request of defendants for the appointment of appraisers, relying upon the advice of counsel and following the decisions in *Rosenwald* v. *Phœnix Ins. Co.* (50 Hun, 172) and *Lang* v. *Eagle Fire Co.* (12 App. Div. 39). They claimed that an appraisal was not required by the terms of the policy because there had been a total loss. They obtained a judgment for the amount named in the policy, defendants appealed, and in January, 1928, this court, because of such refusal, reversed the judgment on the law and dismissed the complaint. (222 App. Div. 302.) In March, 1928, plaintiffs having theretofore demanded an appraisal, which was refused by defendants, brought this new action for the same loss. The Special Term has dismissed the complaint upon two grounds; one that the former decision and judgment is a bar, the other that one year mentioned in the policy as the time within which an action must be brought has expired.

The decision as originally made is a bar (Civ. Prac. Act, § 482), but this court has the power to modify its decision (*Ladd* v. *Stevenson*, 112 N. Y. 325), and this should be done in the interest of justice, by adding *nunc pro tunc* that the dismissal was without prejudice.

Section 23 of the Civil Practice Act provides that a new action may be brought within one year after the dismissal of a complaint. Such time has not expired. This extension applies to a limitation prescribed by statute, and also to one imposed by contract. (*Comey* v. *United Surety Company*, 217 N. Y. 268; *Hamilton* v. *Royal Insurance Co.*, 156 id. 327.)

The order should be reversed on the law, without costs, and the motion denied, without costs.

VAN KIRK, P. J., HINMAN, WHITMYER and HASBROUCK, JJ., concur.

Former judgment and decision of this court, reported in 222 Appellate Division, 302, is modified to provide that the complaint is dismissed without prejudice.

Order and judgment appealed from reversed, on the law, without costs, and motion denied, without costs.