## TRAVELERS' INDEMNITY CO. v. DE WITT.

### No. 11945.

Court of Civil Appeals of Texas. Galveston.
Jan. 15, 1948.

642

Thomas M. Phillips and Raymond L. McDermont, both of Houston (Baker, Botts, Andrews & Parish, of Houston, of counsel), for appellant.

Morris Bogdanow, of Houston, for appellee.

CODY, Justice.

This is an appeal from a judgment for $388.80, recovered by appellee from appellant on a storekeeper's burglary and robbery insurance policy, following the burglary of appellee's grocery store in the City of Houston on the night of September 26, 1946. The burglars took $466.00 from the cash register, and merchandise in excess of the value of $138.80. Appellant admitted its liability for the loss of merchandise to the value of $138.80, but denied liability to appellee for the loss of cash by burglary from the cash register. The court held, however, in support of appellee's contention, that appellant was obligated by Clause VII of the insurance agreements of the policy to indemnify appellee to the extent of $250.00 for the loss of the cash. The case was tried without a jury. The facts were undisputed and were stipulated. The question for determination here is whether Clause VII afforded any indemnity for the loss of cash by burglary from the cash register.

The obligation imposed on appellant by Clause VII was as follows: "To Indemnify the Assured for all Damage not exceeding Two Hundred Fifty Dollars ($250.-00), to money, securities, merchandise, furniture, fixtures, and equipment in the premises including glass and lettering and ornamentation thereon, caused by any such burglary or robbery or attempt thereat, * * *"

It is appellant's contention that its liability to indemnify appellee for loss of money, was fixed by Clauses I to V, inclusive, and that Clause VII merely imposed liability for injury or impairment to the kinds of property therein enumerated, which should occur as a result of a burglary or robbery. The obligation imposed on appellant by Clause VI, under which appellant admitted liability for appellee's loss of merchandise by the burglary, reads in part: "To indemnify the assured for all loss not exceeding Two Hunded Fifty Dollars ($250.00) of merchandise, furniture fixtures and equipment, occasioned by Burglary, which shall mean felonious abstraction of such property from within the premises * * * when the premises are not open for business * * *." It will be noted that money is not one of the kinds of property included in Clause VI. Provisions of indemnity for loss of money, as indicated above, are contained in Clauses I to V, inclusive. Thus,

Clause I insures against "loss * * * of money * * * by robbery from a custodian within the premises." Clause II, against "loss * * * of money by robbery from a messenger." Clause III, against "loss * * * of money * * *

when a custodian or messenger has been kidnapped." Clause IV, against "loss * * * of money * * * by safe burglary (provided the safe doors were locked, etc.)" Clause V, against "loss * * * of money * * * by burglary * * * from within any night depository in a bank, or from within the house or apartment occupied as a residence by a custodian or messenger."

Appellant predicates its appeal upon four points, the first three of which are, in substance, that the court erred in holding that the loss of cash from the cash register by burglary was covered by Clause VII, because,

1. As a fundamental rule of construction, the policy of insurance, like every other contract, must be construed as a whole, giving reasonable effect to and harmonizing all parts of the contract.

2. The terms used in an insurance contract are to be taken in the plain ordinary and popular sense, rather than in interpreting said terms in a strained, unreasonable, or technical sense.

3. Looking to the whole contract and the risk covered and giving the plain ordinary meaning to the term "damage to money", such term does not include loss of money.

Appellant's fourth point is to the effect that appellee has, by stipulation, admitted that Clause VII does not indemnify him for loss of cigarettes, but that such losses are exclusively provided for in Clause VI; hence the court erred in holding that the loss of money by burglary was covered in Clause VII. We will take up this fourth point for discussion first.

(Appellee has filed no brief, but his counsel did appear in person and argue in support of the trial court's judgment at submission.)

We overrule appellant's fourth point. The stipulation, which appellant urges as constituting an admission fatal to appellee's contention that Clause VII provided indemnity for money lost from the cash register by burglary, reads: "It is agreed that under the terms of aforesaid policy of insurance, the plaintiff is not entitled to recover for more than $50.00 for the cigarettes stolen." By the terms of Clause VI, appellant's liability for the loss of cigarettes was limited to $50.00. No such limitation was included in Clause VII, relative to damage to merchandise. Appellant argues, from the fact that appellee thus admits that appellant is exclusively liable for the loss of merchandise by burglary under the provisions of Clause VI, that he must be taken as a matter of law to have stipulated that the terms "loss by burglary" and "Damage to by burglary" as used in Clauses VI and VII, respectively, are mutually exclusive. The answer to appellant's said contention is a short one. The construction of the unambiguous terms of a policy of insurance is a question of law, (United Service, etc., v. Miles, 139 Tex. 138, 142, 161 S.W.2d 1048), and parties cannot by stipulation bind a court as to the determination of a question of law. We pass now to the discussion of appellant's first three points.

It is elementary that a policy of insurance, like every contract, must be construed as a whole, giving reasonable effect to and harmonizing all of its parts. 24 Tex. Jur. 701. It is also a well settled rule of construction that, "contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. The rule that a policy of insurance should be construed favorably to the insured does not require that words and expressions be given a meaning so restrictive as to deprive them of their ordinary signification. It is not permissible to impute an unusual meaning to language in a contract of insurance, any more than to language of any other contract, unless it is shown by evidence that the language used has acquired by custom or otherwise a peculiar meaning distinct from the popular sense of such terms." 24 Tex.Jur., 702. See also the Miles case, supra.

Appellee neither pled nor proved that the words "loss of", and "damage to" were used in the policy in any other than their ordinary sense. No doubt the word, loss,

has, in the abstract, a generic sense which, when applied to property, is broad enough to cover damage to property. In the Miles case, supra, 139 Tex. at page 142, 161 S.W. 2d at page 1050, the court held "The word loss is not a word of limited, hard and fast meaning; * * * while one may have a loss in his property because it is lost, that is, cannot be found, he may likewise have a loss therein because the same is merely damaged, loss sometimes being synonymous with damage and injury. 38 C.J. p. 244."

As its popular meaning the word, damage, is defined by Webster's New International Dictionary, Unabridged, as: "Loss due to injury; injury or harm to person, property or reputation; hurt; harm, as damages caused by fire. 'To the great damage both of their fame and fortune.' Bacon." That "damage", as used in Clause VII, is used in its ordinary sense of impairment or harm, and in contrast to the word, "loss", employed in the preceding six Clauses readily appears, as we will now show.

As indicated above, the policy expressly indemnifies appellee against the loss of money in Clauses I to V, inclusive. Clause VI also indemnifies against the loss of the kinds of property enumerated in said Clause VI, namely, "merchandise, furniture, fixtures and equipment," occasioned by burglary. But it will be noted there is no mention of "money" made in Clause VI. And there is an evident reason for the omission of "money" from the kinds of property enumerated in Clause VI, based on the obvious difference between the nature of money and the kinds of property enumerated in Clause VI in one particular respect, namely, money can readily be locked up in a safe, or can readily be placed in a night depository in a bank, or taken home from the store for safekeeping, whereas this cannot be done with the "merchandise, furniture, fixtures and equipment." And, as pointed out above, the policy covered the loss of money if taken from a safe in the store (if the door thereof was locked), or if taken from a night depository in a bank, or if taken from the home: also the policy protected against robbery if the money was being transported. That is, the risk

of carrying the money to a place for safekeeping was covered. Thus it appears that the policy furnished full protection up to $250.00 against the loss of money by burglary, but not if the storekeeper through carelessness or otherwise left it in the cash register.

As indicated, the policy, in Clauses I to VI, inclusive, afforded protection against loss of burglary of "money", and against loss by burglary of "merchandise, furniture, fixtures and equipment." It is quite clear that Clause VII was intended to cover a risk with respect to "money", and with respect to "merchandise, furniture, fixtures and equipment", which was not covered in the preceding Clauses. Said preceding Clauses did not cover the risk said property was exposed to by burglary where same was not taken, but was damaged. Clause VII supplied this omission. It reads in part (as quoted above), "To indemnify the Assured for all Damage not exceeding Two Hundred Fifty Dollars ($250.00) to money, securities, merchandise, furniture, fixtures, and equipment * * * caused by any such burglary * * *." We are unable to perceive any basis for reading into Clause VII that the risk it covers with respect to "money" differs in any respect from the risk it covers in connection with the other kinds of property enumerated in Clause VII.

The fault here does not lie in the policy. It covers loss of money caused by burglary or robbery provided the storekeeper gives himself the trouble of locking it in the safe, or taking it to a night depository in a bank, or carrying it home. The fault of the storekeeper in failing to take the precautions required by the policy in order to bring "money" within the protection afforded by the policy is not to be remedied by construing the policy as covering a risk which it is quite clear the insurer was unwilling to assume, namely, the risk of loss of money left in the store, which was not locked up in a safe.

It follows that the judgment of the trial court insofar as the same awarded the sum of $250.00 as indemnity for the stolen cash must be reversed, and in this respect here rendered that appellee take nothing, and

that the judgment of the court below in all other respects should be affirmed.

Reversed and rendered in part.

Affirmed in part.