■ CARYL HAHN et al., Appellants, v. BLANCHE BINDER, as Executrix of FISCHEL BIMKO, Deceased, Respondent.— Order entered August 23, 1968 deny-ing the plaintiffs' motion to open their default and to restore the cause to the Trial Term Calendar unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs or disbursements. The plaintiffs' application is remanded to Trial Term, Part I, to "be heard and determined by the justice who presided in the calendar part at the time the cause was assigned" (See Rules of Supreme Court, New York and Bronx Counties, § 660.5, subd. [c], par. [3], cl. [i], previously numbered rule V, subd. [3], par. [c], cl. [i]; 22 NYCRR 660.5[c][3][i]), the movants being directed to submit a further affidavit of merit, and being permitted to present any further affidavits, if so advised. We agree with the Trial Term that there was a lack of co-operation on the part of the plaintiffs' attorneys in complying with the rules of the "block-buster" part. The late appearance of counsel on the calendar call not having been willful, the extreme finality of dismissal may not have been justified (*Warbett* v. *Polokoff*, 21 A D 2d 771), but resolution of that question shall await consideration of all papers, including any additional affidavits which may be submitted to the justice in the calendar part. Concur — Stevens, P. J., Eager, Markewich, Nunez and Tilzer, JJ.

■ 875 FOREST AVE. CORP., Respondent, v. AETNA CASUALTY AND SURETY COMPANY, Appellant.— Judgment entered May 23, 1969, declaring defendant-appellant's disclaimer of liability under its policy of insurance issued to plaintiff-respondent of no force and effect, unanimously reversed on the law, on the facts, and in the interest of justice, and the case remanded for a new trial before the same justice, with costs to abide the event. The basis for this action for a declaratory judgment, which would, in effect, negate defendant-appellant insurer's disclaimer of any duty to plaintiff-respondent insured by reason of late notification, was that the fatal accident to a little girl at plain-tiff's property occurred in such circumstances that no reasonable person could either deem plaintiff responsible or would anticipate that a belated lawsuit for wrongful death would be brought, and that, immediately on commencement of the suit, notice was given. It was incumbent upon plaintiff to establish what these circumstances were to support its claim that there was, as the policy provided, "notice * * * given by * * * the Insured to the Company * * * as soon as practicable." The difficulty is that in the truncated and laconic agreed statement of fact on which the controversy was submitted to the court for decision, not a word is found descriptive of the circumstances of the accident. Apparently, discussion off the record never got into the record. In these circumstances, plaintiff should, in the interest of justice, be given the opportunity to supply the palpable defect and establish its case. (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302; *Littrell* v. *Allemania Fire Ins. Co.*, 224 App. Div. 523.) Concur — Stevens, P. J., Eager, Markewich, Nunez and Tilzer, JJ.