**GENERAL CORROSION SERVICES CORPORATION, Appellant,**

v.

**The "K" WAY EQUIPMENT COMPANY, INC., Appellee.**

**No. 1517.**

Court of Appeals of Texas, Tyler.

March 29, 1982.

Paul E. White, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellant.

Jerry L. Calhoon, McDonald, Calhoon & Kolstad, Palestine, for appellee.

MOORE, Justice.

This is a contract case. The "K" Way Equipment Company, Inc. (K Way), a rental lessor as plaintiff, sued General Corrosion Services Corporation (GSC), lessee, as defendant, for the value of a rented air compressor which was lost by the defendant while traveling on a public highway. The defendant lessee answered that pursuant to the terms of the "Damage Waiver" clause of the Equipment Rental Contract, its liability was limited to $250.

Trial was to the court sitting without a jury based upon an agreed statement of facts. The court found that the loss of the air compressor was incurred during the act of towing on a public highway and concluded that such loss was "damage incurred during the act of towing," leaving the defendant liable. Damages of $7,700 for the value of the air compressor and $2,200 for

attorney's fees were found by the court. Judgment was rendered against defendant and defendant appeals.

We reverse.

From October 1978 through May 1979 the defendant lessee had been leasing from the plaintiff a 150 C.F.M. Grimmer-Schmidt air compressor. Plaintiff would furnish possession of the air compressor and defendant would make full payment for charges as reflected in an "Equipment Rental Contract." As part of the rental payment, defendant paid $5.25 for a "Damage Waiver." The waiver stated:

DAMAGE WAIVER: Lessee is responsible for any loss or destruction or breakage or damage to equipment covered by this rental contract; however, Lessor may waive claims against Lessee for said losses, subject to the deductibles set out below, in consideration of payment of a fee in amount of five percent (5%) of the rental charges, less and except for the exclusion of certain losses to-wit: (1) Loss, theft or damage of accessory equipment, such as welding leads, bits, moil points, batteries, hoses, tires, electric cords, etc. (2) Theft by persons entrusted with the equipment (3) In the event of theft or mysterious disappearance, there shall be a $250.00 deductible, (Lessee pays the value of the equipment loss up to a maximum of $250.00 per item), and any such claim must be accompanied by a police report and case number. Damage Waiver coverage does include accidental breakage, collision, fire, windstorm, flood, vandalism, burglary, and various other losses all subject to the herein described exclusions, but does not include coverage of damage from misuse, abuse, improper maintenance or damage incurred during the act of towing on public highways and roads or in violation of any laws, and does not apply to any losses or damages to equipment while on any waterborne operation. MINIMUM DEDUCTIBLE 20% OF AMOUNT OF LOSS.

In May 1979 one of defendant's employees was towing the rented air compressor on U. S. Hwy. 281, 15 miles South of George West en route to Alice, Texas. Upon arriving at Alice, the employee discovered the air compressor had apparently come loose and was missing, whereafter he immediately retracked the travel route to no avail. The air compressor has never been recovered. The defendant pursuant to the damage waiver clause providing for "theft or mysterious disappearance" submitted a police report and the $250 deductible. Plaintiff refused the defendant's tender and demanded full payment for the lost compressor claiming it was "damage incurred during towing." At trial the court sitting without a jury rendered judgment for the plaintiff-lessor.

The defendant/lessee appeals challenging the court's conclusions of law. The trial court's conclusions of law were:

(1) the contract between the parties excluded from damage waiver coverage the following activities: misuse, abuse, improper maintenance, or damage incurred during the act of towing on public highways;

(2) the loss of the equipment was damage incurred during the act of towing on public highways; and

(3) the contract between the parties left the Defendant/lessee responsible for any loss or destruction of the air-compressor which occurred during the act of towing on public highways.

In essence, the damage waiver clause provided that if the equipment was "lost or mysteriously disappears," the lessor was liable, if the equipment was "damaged while in the act of towing," the lessee was liable. In the instant case, the equipment was lost or mysteriously disappeared while in the act of towing. Thus the issue is under the contract who should bear the risk of loss.

Appellee contends the term "damage" in the phrase "damage incurred while in the act of towing" should be read broadly to include any risk incurred in towing, including total loss or disappearance of the equipment. Appellant responds that the phrase "loss or damage" with the words "loss" and "damage" used in the alternative indicates the words were intended to have different

meanings. Appellant argues that in the context of the damage waiver clause, "damage" means physical impairment while "loss" means the total absence of a certain thing. Appellant contends that the trial court erred as a matter of law in holding that "loss" and "damage" were synonymous.

The cardinal rule to be observed in the construction of a contract is to ascertain and give effect, whenever possible, to the real intention of the parties, as that intention is revealed by the language used in the contract. *Western Beef, Inc. v. Compton Inv. Co.*, 611 F.2d 587 (5th Cir. 1980); *R & P Enterprises v. LaGuarta Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex.1980). Where an ambiguity exists in a contract, it is the fixed rule that the agreement will be construed most strictly against the party who drafted it and thus was responsible for the language used. *Republic National Bank v. Northwest Nat. Bank*, 578 S.W.2d 109 (Tex. 1978). This rule is especially applicable where the agreement provides as here, for exemption from liability in favor of the party who drafted the contract. 14 Tex. Jur.3d *Contracts* § 189 p. 325–6 (1981).

The issue in the instant case is the meaning that should be given to the word "damage." Although there are no Texas cases on point, the term "loss" and "damage" have generally been held to be synonymous with loss being the generic term and damage a species of loss. See *Nordahl v. Franzalia*, 48 Cal.App.3rd 657, 664, 121 Cal.Rptr. 794, 798 (1975); *Wilbur v. United States*, 30 F.2d 871, 872 (D.C.Cir.1923).

The words "damage" and "loss," however have not always been used synonymously. In *Travelers Insurance Co. v. DeWitt*, 207 S.W.2d 641 (Tex.Civ.App.—Galveston 1948, no writ), an insured sued his insurance carrier for loss of cash due to burglary. The insurance policy in clauses 1 through 6 protected the insured against various losses of money under other circumstances, while clause 7 provided "to indemnify the assured from all *damage* ... to money, securities, merchandise ... caused by such burglary ...." The court, although recognizing that the words "loss" and "damage" were sometimes used interchangeably concluded that "damage as used in clause 7, is used in its ordinary sense of impairment or harm, in contrast to the word "loss." Id. at 644.

In *Wells v. Thomas W. Garland, Inc.*, 39 S.W.2d 409 (Mo.App.1931), the court in construing a contract providing for "loss or damages" stated:

We also appreciate that "loss and damage" are frequently, and perhaps most often, used interchanageably in legal parlance, and yet in common expectation, a very marked distinction may properly be drawn between the two. Used together in the alternative, as they are in this instance, the word "loss" may well convey the idea of the completeness or totality of the destruction, while "damage" might reasonably refer to something short of that. 39 S.W.2d at 411. See also, *Williamson v. Liverpool & London & Globe Ins. Co.*, 122 F. 59 (8th Cir. 1903); *Littrell v. Alleman & Allemannia Fire Insurance Co.*, 226 N.Y.S. 243, 222 App.Div. 302 (1928).

In the instant case the contract used loss and damage in the alternative. In one clause of the damage waiver contract, the contract excluded "loss, theft or damage" to accessory equipment. It is clear that each term "loss," "theft" and "damage" was intended to cover a different contingency.

We therefore conclude that the parties intended a distinction between the terms loss and damage and that the clause excluding the lessor's liability for damage while towing did not include the risk from total loss of the equipment. We hold that the trial court erred as a matter of law in holding that the terms "loss and damage" were synonymous.

The judgment of the trial court awarding $7,700 and attorney's fees is reversed and judgment is hereby rendered that appellee, K-Way Equipment Company, Inc., take nothing by reason of this cause over and above the sum of $250.00 which has heretofore been deposited in the registry of the trial court by appellant, General Corrosion Services Corporation.