**Bartolomeo MANZO and Wife, Beverly Manzo, Appellants,**

v.

**Jane FORD, John Ventura and Ford Management Company, Appellees.**

**No. C14–86–546–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1987.

Gerald J. Goodwin and Daniel L. Burkeen, Houston, for appellants.

Russell C. Ducoff, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a take-nothing summary judgment granted in Appellants' suit for breach of contract. We hold that the trial court erred in finding that: (1) the provisions of the contract barred Appellants from pursuing a cause of action based on breach of contract, and (2) that there was no material fact issue as to Appellees' liability. We reverse the judgment of the trial court and remand the cause for trial.

On March 25, 1979, Appellants, residents of California, purchased an apartment complex in Houston, Texas, known as the High Chapparal Apartments. Appellees Jane Ford and John Ventura acted as the listing agents of this property and also acted as attorneys for Appellants. On June 1, 1979,

Appellants entered into a contract drafted by Appellees which provided that Appellees were to manage, operate and lease the apartment complex for Appellants. Subsequently, Appellants discovered that false representations had been made by Appellees Jane Ford and John Ventura in connection with the purchase of the property and that Appellees were not performing the services promised in the management and leasing agreement.

Appellants brought suit against Appellees on April 29, 1983, alleging breach of fiduciary duty, negligence, misrepresentation, fraud in the inducement, civil conspiracy, breach of express warranty, breach of implied warranty and breach of contract. Appellees filed a Plea in Bar alleging that the actions for breach of fiduciary duty and fraud which occurred *prior* to April 28, 1979, were barred by the statute of limitations. The trial court entered an order barring *all* causes of action for negligence, fraud, misrepresentation, fraud in the inducement, civil conspiracy and breach of fiduciary duty. Appellants' Motion for Reconsideration of the Plea in Bar was denied and the remaining breach of contract cause of action was consolidated with another action, *Bartolomeo Manzo and Wife, Beverly Manzo v. Dale E. Angeli, Ind., et. al.,* in the 133rd District Court. On December 12, 1985, the trial court granted Appellees' Motion for Summary Judgment on Appellants' breach of contract claim and severed the cause of action against Appellees thus allowing the summary judgment to become final.

Appellants assert two points of error. In point of error one, Appellants contend that the trial court erred in granting the motion for summary judgment because the statute of limitations had not expired on the breach of contract claim. They maintain that the management and leasing agreement does not limit them to causes of action for fraud, negligence or intentional malfeasance thereby barring them from asserting a claim based on breach of contract. They contend their claim is governed by the four year statute of limitations and that suit was timely filed.

The trial court granted summary judgment on the premise that Article X of the management agreement limited Appellants' causes of action to fraud, negligence and intentional malfeasance, and that these actions were barred by the two year statute of limitations. The court further found that the contract excluded all other causes of action.

Article X, of the contract in question, reads as follows:

*Liability of Manager.* The Manager shall not be responsible to the Owner for any loss which may occur by reason of depreciation in the value of the Project, or any other loss or damage which may occur to the Owner, except that the Manager shall be liable to the Owner for fraud, negligence or intentional malfeasance in the management of the Project by the Manager or any of its employees or agents. The owner agrees to indemnify the Manager and to hold it harmless from all liability, claims, damages, losses and judgments arising out of any damage or injury to persons or property by reason of any cause whatsoever in or about the Project, or arising in any other manner in connection with the operation of the Project, except for liability, claims, damages, losses or judgments resulting from the fraud, negligence or intentional malfeasance of the Manager or any of its employees or agents.

■ When parties to a contract disagree as to the meaning of a particular provision, we cannot look solely to the disputed paragraph, clause or provision to ascertain its meaning. Each and every part of the contract must be considered with every other part so that the effect or meaning of one part on any other part may be determined. *Smart v. Tower Land and Inv. Co.,* 597 S.W.2d 333, 337 (Tex.1980); *Citizens National Bank in Abilene v. Texas & P. Ry. Co.,* 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941), *cert. denied,* 314 U.S. 656, 62 S.Ct. 109, 86 L.Ed. 526 (1941).

The management and leasing agreement contains numerous provisions detailing the responsibilities and duties of Appellees. Article VIII of the agreement defines what

constitutes a default of the agreement and provides the remedies available to each party in the event of such a breach. Section 8.01 entitled "Default by Manager" reads in pertinent part as follows:

> Any of the following events shall constitute defaults by Manager under this Agreement:
>
> .    .    .    .    .    .
>
> (b) Manager shall fail to keep, observe or perform any covenant, agreement, term or provision of this Agreement to be kept, observed or performed by Manager. . . .

Section 8.02, "Remedies of Owner," then provides:

> Upon the occurrence of an event of default by Manager as specified in Section 8.01 hereof, Owner shall be entitled to terminate this Agreement, and upon any such termination *Owner shall have the right to pursue any remedy it may have at law or in equity,* it being expressly understood that although Owner shall have no further obligation to pay any fee due hereunder, *Manager shall remain liable for any losses suffered as a result of Manager's default* and the resulting termination of this Agreement. Upon such termination, Manager shall deliver to Owner any funds, books and records of Owner then in the possession or control of Manager. (Emphasis added).

Article VIII gives Appellant the right to pursue any remedy at law or in equity and explicitly recognizes that Appellees are liable for any losses suffered as a result of their breach of the agreement. However, Article X purports to restrict Appellants to causes of action for negligence, fraud and intentional malfeasance and to absolve Appellees from any liability except that arising from such acts of negligence, fraud or intentional malfeasance. The provisions of Article VIII appear to be in direct conflict with Article X.

■ When provisions in an agreement appear to be in conflict, the court should examine and consider the entire writing, seeking to harmonize and reconcile the conflicting provisions to the greatest extent possible. *Ogden v. Dickinson State Bank,* 662 S.W.2d 330, 332 (Tex.1984); *Texas City Refining, Inc. v. Universal Oil Products Co.,* 681 S.W.2d 303, 305 (Tex.App.—[14th Dist.] 1984, no writ). In achieving this objective, the court should favor an interpretation that gives effect to all provisions of the contract so that none will be rendered meaningless and the primary purpose of the agreement and intent of the parties will be effecutated. *R & P Enterprises v. LaGuarta, Garvel & Kirk,* 596 S.W.2d 517, 519 (Tex.1980); *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 519 (Tex.1968); *Texas City Refining, Inc. v. Universal Oil Products Co.,* 681 S.W.2d at 305.

■ This court will construe the language used in the contract by determining how the "reasonable man" would have used and understood such language, considering the circumstances surrounding its negotiation and keeping in mind the purposes intended to be accomplished by the parties when entering into the contract. *Skyland Developers, Inc. v. Sky Harbor Assoc.,* 586 S.W.2d 564, 570 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Stitt v. Royal Park Fashions, Inc.,* 546 S.W.2d 924, 926 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). We will also apply the rule that a writing is construed most strictly against its author. *Temple-Eastex Inc. v. Addison Bank,* 672 S.W.2d 793, 798 (Tex.1984); *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 838 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). This rule is particularly applicable where the agreement purports to exempt the drafter from liability. *General Corrosion Services Corp. v. K Way Equipment Company, Inc.,* 631 S.W.2d 578, 580 (Tex.App.—Tyler 1982, no writ). Further, to be effective, exculpatory language must be clearly and unequivocally expressed. *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d 818, 822 (Tex.1973); *Mostek Corp. v. Chemetron Corp.,* 642 S.W.2d 20, 26 (Tex.App.—Dallas 1982, writ dism'd w.o.j.).

■ Applying these rules, we conclude that this contract does not exclude Appel-

lants' cause of action for breach of contract. Appellees' interpretation would relieve them from liability for breach of any provision of the contract. A waiver of rights of this nature and extent would totally defeat Appellants' purpose in executing the contract and render the majority of the contract provisions meaningless and unenforceable. As the Supreme Court noted in *Moore v. Smith,* "It is nearly always possible to find some provision in a lengthy written instrument which seems to some extent to be out of harmony with the main thrust of the instrument, but such provision or provisions should not be permitted to obscure the otherwise clearly indicated intention of the parties to the instrument." *Moore v. Smith,* 443 S.W.2d 552, 556 (Tex. 1969). The language employed by Appellees, in an attempt to make them free of all liability for claims based on a breach of provisions of the contract, is phrased in language so broad and imprecise that a reasonable person, reading the entire contract, would not understand it to express the meaning urged by Appellees.

■ We further note that where the cause of action may not be maintained without proving the contents of the contract, and the gist of the action is the breach of the contract, whether by malfeasance or nonfeasance, it is an action on the contract. *International Printing Pressmen and Assistants' Union of North America v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 735 (1947). This is true even though it is labeled an action for negligent performance of the contract. *Bernard Johnson v. Continental Constructors,* 630 S.W.2d 365, 368 (Tex.App.—Austin 1982, writ ref'd n.r.e.). Therefore, Appellants were entitled to pursue all claims against Appellees which arose from the breach of their obligations under the contract, including those which might also be brought as independent tort actions absent a contract.

The management and leasing contract was executed on June 1, 1979. Appellants brought their breach of contract cause of action on April 29, 1983. Therefore, the action was brought within four years after the contract was entered into and within four years from the date of any breach of the contract. Tex.Rev.Civ.Stat.Ann. art. 5527 (Vernon 1958) (repealed, now Tex.Civ. Prac. & Rem.Code § 16.004, Vernon 1986). The trial court erred in granting summary judgment for Appellees. Appellants' first point of error is sustained. Our disposition of this point renders it unnecessary to address Appellants' second point of error.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court.